UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED CHAUDHRY, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>BLUE APRON HOLDINGS, INC.,<br><br>                Defendants. | Civil Action No. 17-06295 (KM)(JBC)<br><br><u>CLASS ACTION</u> |

**<u>BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER</u>**

        James E. Cecchi
        CARELLA, BYRNE, CECCHI,
        OLSTEIN, BRODY & AGNELLO, P.C.
        5 Becker Farm Road
        Roseland, NJ  07068
        Telephone:  (973) 994-1700

        Attorneys for Plaintiff

        [Additional counsel appear on signature page.]

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......................................................................................1

II. LEGAL ARGUMENT................................................................................1

    A. The "First-to-File" Rule Does Not Support Transfer............................4

    B. Defendants Have Not Met Their Burden to Show that Brooklyn Is a Clearly More Appropriate Forum......................................................6

        1. The Private Interests Do Not Support Transfer .........................6

        2. The Public Interests Do Not Support Transfer ..........................8

    C. If the Court Transfers the Case, It Should Decide the Earlier-Filed Lead Plaintiff Motions Before Transferring the Case ...............11

III. CONCLUSION........................................................................................12

- i -

# TABLE OF AUTHORITIES

Page

**CASES**

*Astor Chocolate Corp. v. McCall*,
  2017 WL 2364197 (D.N.J. May 31, 2017) ................................................. 6, 7, 8, 9

*Bankers Trust Co. v. Bethlehem Steel Corp.*,
  636 F.2d 37 (3d Cir. 1980) ........................................................................ 4

*EEOC v. Univ. of Pa.*,
  850 F.2d 969 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) ...................... 4

*Fed. Express Corp. v. Holowecki*,
  552 U.S. 389 (2008) ................................................................................. 11

*In re Cendant Corp. Litig.*,
  182 F.R.D. 144 (D.N.J. 1998) ................................................................... 5

*In re Telxon Corp. Sec. Litig.*,
  67 F. Supp. 2d 803 (N.D. Ohio 1999) ..................................................... 12

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d. Cir. 1995) ................................................................... 3, 6

*Kedia v. Jamal*,
  2007 WL 1239202 (D.N.J. Apr. 25, 2007) ............................................... 4

*Matter of the Complaint of Weeks Marine, Inc.*,
  2016 WL 3410166 (D.N.J. June 14, 2016) (McNulty, J.) ...................... 5

*MaxLite, Inc. v. ATG Elecs., Inc.*,
  193 F. Supp. 3d 371, 394 (D.N.J. 2016) .................................................. 8

*Netsky v. Capstead Mortg. Corp.*,
  2000 WL 964935 (N.D. Tex. July 12, 2000) .......................................... 12

*Plum Tree, Inc. v. Stockment*,
  488 F.2d 754 (3d Cir. 1973) ..................................................................... 7

*Pro Spice, Inc. v. Omni Trade Group, Inc.*,
  173 F. Supp. 2d 336 (E.D. Pa. 2001) ....................................................... 2

**Page**

*Quintiles IMS Inc. v. Veeva Sys., Inc.*,
   2017 WL 2766166 (D.N.J. June 23, 2017) ......................................................... 2

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970) .................................................................................. 2

*Simms v. Thomson Reuters Tax & Accounting, Inc.*,
   2011 WL 4501225 (D. Del. Sept. 28, 2011) ........................................................ 3

*Stop-A-Flat Corp. v. Electra Start of Mich., Inc.*,
   507 F. Supp. 647 (E.D. Pa. 1981) ....................................................................... 7

*Ward v. Stewart*,
   133 F. Supp. 3d 455, 464-65 (N.D.N.Y. 2015) ................................................. 10

*Yousefi v. Lockheed Martin Corp.*,
   70 F. Supp. 2d 1061 (C.D. Cal. 1999) .............................................................. 11

## I. INTRODUCTION

Defendants want to transfer this case involving allegations relating to delays at Blue Apron Holdings, Inc.'s ("Blue Apron" or the "Company") "new factory in Linden, New Jersey, which would force the Company to delay new product roll-outs" (Dkt. Entry 1 at ¶26(a)) less than 20 miles away to the Eastern District of New York, where even they agree the case should not be venued. Dkt. Entry 25-1 at 1. Even assuming the Brooklyn court was appropriate – and defendants concede it is not – a discretionary inter-district transfer under 28 U.S.C. §1404(a) is appropriate only if the transfer will enhance the efficiency or fairness of the litigation, and where the moving party can demonstrate that the transferee venue is plainly more convenient than plaintiff's choice – neither of which is true here.

Defendants' motion essentially advocates a Goldilocks approach in which they reject this Court, reject the Eastern District of New York, and choose a third district they perceive to be "just right." The law does not support their round-robin quest to find the perfect court.

On the merits, defendants' motion should be denied.

## II. LEGAL ARGUMENT

A "district court *may* transfer any civil action to any other district . . . where it might have been brought" for "the convenience of parties and witnesses [and] in the

interest of justice." 28 U.S.C. §1404(a).[1] "Although § 1404(a) gives a district court the discretion to decide a motion on a case-by-case basis, these motions are not to be granted liberally." *Pro Spice, Inc. v. Omni Trade Group, Inc.*, 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("a transfer is not to be liberally granted"). Indeed, the "burden of establishing the need to transfer rests with the movant to show that the balance of the parties and witnesses ***strongly*** favors the defendants." *Quintiles IMS Inc. v. Veeva Sys., Inc.*, 2017 WL 2766166, at *2 (D.N.J. June 23, 2017) (emphasis in original); *Shutte*, 431 F.2d at 25 (same). As such, "unless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed." See Samuels v. Medytox Sols., Inc., 2014 WL 4441943, at *8 (D.N.J. Sept. 8, 2014) (internal citation omitted).

Furthermore, when evaluating a motion to transfer, a court should "view all facts in the light most favorable to the party opposing the transfer." Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., 2010 WL 170403, at *2 (W.D. Pa. Jan. 14, 2010).

With this framework in mind, the Third Circuit directs courts to weigh both "private interest factors" and "public interest factors" to determine whether transfer is appropriate.

---

[1] Citations, internal quotations, and footnotes omitted and emphasis added, unless noted otherwise.

> The private interests include:
>
> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d. Cir. 1995). The public interests include:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80. In addition, "[w]hen transfer is sought by a defendant with operations on a national or international scale, that defendant must prove that litigating in [New Jersey] would pose a unique or unusual burden on [its] operations." *Simms v. Thomson Reuters Tax & Accounting, Inc.*, 2011 WL 4501225, at *2 (D. Del. Sept. 28, 2011). Indeed, as the Third Circuit noted in *Jumara*, "some courts have refused to apply this multi-factored balancing test where the transfer requested involves a forum which is a relatively short distance from the original forum." 55 F.3d at 880.

An examination of the relevant *Jumara* factors here confirms that while defendants do not want to be in this Court, they also do not want to be in Brooklyn

- 3 -

federal court, nor do any of these factors strongly favor Brooklyn over this Court. Consequently, defendants' motion should be denied.

### A. The "First-to-File" Rule Does Not Support Transfer

Defendants contend a transfer is appropriate based on the first-filed rule. Dkt. Entry 25-1 at 8. Yet, as the Third Circuit has recognized, "the first-filed rule 'is not a rigid or inflexible rule to be mechanically applied." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 976 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990). There are at least three reasons why the first-filed rule does not apply in this case.

First, the Third Circuit "has interpreted the 'first-filed' rule narrowly, holding that it only applies to 'truly duplicative' proceedings." *Kedia v. Jamal*, 2007 WL 1239202, at *3 (D.N.J. Apr. 25, 2007). Thus, "[w]hen the claims, parties, or requested relief differ, deference may not be appropriate." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 636 F.2d 37, 40 (3d Cir. 1980).

Here, this action and the Brooklyn actions are not identical as the parties are different. *Compare Chaudhry* Complaint (naming 14 defendants) *with Nurlybayev* Complaint (naming 26 defendants) *and Ivan* Complaint (same). The claims for relief are also different. *Compare Chaudhry* Complaint (asserting §§11 and 15 claims) *with Nurlybayev* Complaint (asserting §§11, 12(a)(2), and 15 claims) *and Ivan* Complaint (same). Consequently, the first-filed rule does not apply.

Second, a strict application of the first-filed rule would undermine one of the PSLRA's primary goals: eliminating the "race to the courthouse" in which "courts traditionally appointed lead plaintiff and lead counsel in class action lawsuits on a first come, first serve basis.'" *In re Cendant Corp. Litig.*, 182 F.R.D. 144, 145 (D.N.J. 1998); *see also* S. Rep. No. 104-98 (1995), *reprinted in* 1996 U.S.C.C.A.N. 679 ("The Committee believes that the selection of the lead plaintiff should rest on considerations other than a speedy filing of the complaint."). Rigid application of the first-filed rule would allow the initial plaintiff with a nominal interest in the relief sought by the putative class to determine where the case should be litigated rather than the lead plaintiff.

Third, and most importantly, defendants contend that the first-filed forum, Brooklyn federal court, is also not an appropriate forum. *See* Dkt. Entry 25-1 at 21. Stated differently, defendants do not want to proceed in any of the courts in which the actions are pending. As such, the first-filed rule is simply irrelevant to defendants' motion.

Ultimately, because the "first-filed rule is not a hard-and-fast rule," the "Section 1404 factors must also be considered." In the *Matter of the Complaint of Weeks Marine, Inc.*, 2016 WL 3410166, at *3 (D.N.J. June 14, 2016) (McNulty, J.). Here, the Section 1404 factors do not support defendants' motion to transfer.

### B. Defendants Have Not Met Their Burden to Show that Brooklyn Is a Clearly More Appropriate Forum

Defendants agree that *any* district court has jurisdiction over the claims asserted pursuant to the Securities Act of 1933. Dkt. Entry 25-1 at 12 (citing 15 U.S.C. §77v(a)). In other words, this Court is an entirely appropriate forum. Further, because this case could have been properly filed in *any* district court nationwide, "plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879.

Moreover, and practically speaking, approximately 16 miles separate this Court from the Brooklyn court. Considering the close proximity of these courts, there is not a compelling reason to transfer this case to a court defendants do not even want to litigate in. *See id.* at 880, 882 ("The fact that the two fora are adjacent districts of the same state also obscures the interest-of-justice analysis . . . .").

#### 1. The Private Interests Do Not Support Transfer

An objective review of the private interest factors confirms transfer is not warranted:

| *Factor* | DNJ | EDNY |
|---|---|---|
| Plaintiff's forum preference | X | |
| Defendants' forum preference[2] | | |
| Where the claim arose[3] | X | |

---

[2]  Defendants do not prefer either DNJ or EDNY. *See* Dkt. Entry 25-1 at 21. While the parties' divergent selections effectively neutralize this factor, "with respect to preference, deference is given to . . . the plaintiff." *Astor Chocolate Corp. v. McCall*, 2017 WL 2364197, at *3 (D.N.J. May 31, 2017) (denying motion to transfer).

| | | |
|---|---|---|
| Convenience of the parties[4] | X | X |
| Convenience of the witnesses – but only to the extent the witnesses are unavailable for trial in one fora[5] | X | X |
| Location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) | X | X |

New Jersey is an entirely appropriate forum for this securities fraud case. Indeed, Blue Apron's largest fulfillment center – which is at the heart of the allegations in each of the Complaints – is located in this District. *See* Complaint ¶¶3,

---

[3]  Defendants argue the claim arose in SDNY, not DNJ or EDNY. *See* Dkt. Entry 25-1 at 16. Plaintiff's Complaint alleges that certain underlying facts arose in New Jersey. *See* Complaint ¶¶3, 26. "Even assuming, *arguendo*, the claim arose in New [York] and the Court gave less deference to [plaintiff's] choice of forum, the parties' preferences would, at best, balance each other out." *Astor*, 2017 WL 2364197, at *4. "Therefore, at this point in the evaluation, the Court [should] still find[] New Jersey to be the appropriate venue because [defendants have] the burden to show transfer is warranted." *Id.* (citing *Jumara*, 55 F.3d at 879).

[4]  Newark is approximately 16 miles from Brooklyn.

[5]  It is defendants' obligation to support the motion with "affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer under" §1404(a). *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973). The Declaration of Seth Skiles does not contend any witnesses are ***unavailable*** in this Court. *See* Dkt. Entry 25-3 at ¶6 (stating that a majority of Company employees reside or work in New York). As such, this factor weighs in favor of denying the motion. *See Astor*, 2017 WL 2364197, at *4 ("[G]eneral allegations of inconvenience to such a wide range of unspecified witnesses are insufficient to tilt the balance in favor of transfer to New Hampshire."); *Stop-A-Flat Corp. v. Electra Start of Mich., Inc.*, 507 F. Supp. 647, 652 (E.D. Pa. 1981) ("[W]hile it may be true that most of the potential witnesses for this lawsuit reside in that forum, the defendants have failed to identify even one of those witnesses. The simple assertion that the necessary witnesses probably reside in a certain forum does not justify the grant of a § 1404(a) motion.").

26.[6] And, while defendants claim "relevant documentary evidence is most likely located in Blue Apron's New York headquarters" (Dkt. No. 25-1 at 17), they ignore that "in the age of electronic discovery, it is hard to imagine that [defendant] cannot produce relevant documentary evidence in New Jersey, and it certainly has not claimed (much less shown) that it cannot do so." *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 394 (D.N.J. 2016); *Astor*, 2017 WL 2364197, at *5 (agreeing that "electronically available documents makes [sic] the physical location of the documents less important in a venue analysis").

A balancing of the private interests weighs in favor of denying the motion to transfer.

### 2. The Public Interests Do Not Support Transfer

An objective review of the applicable public interest factors confirms transfer is not warranted:

| *Factor* | *DNJ* | *EDNY* |
|---|---|---|
| Enforceability of the judgment[7] | X | X |
| Practical considerations that could make trial easy, expeditious, or | X | X |

---

[6] One of the individual defendants named in the Complaints filed in Brooklyn federal court, Pablo Cussatti, a Senior Vice President of Fulfillment and Operations, resides in New Jersey. While the other individual Defendants all reside in New York state, several others reside outside the NY/NJ region, including Julie M.B. Bradley (Massachusetts), Tracy Britt Cool (Chicago, Illinois), Gary R. Hirschberg (Concord, NH), and Brian P. Kelley (Atlanta, GA).

[7] Defendants concede this factor is irrelevant. *See* Dkt. Entry 25-1 at 18 n.5.

| | | |
|---|---|---|
| inexpensive[8] | | |
| Relative administrative difficulty in the two fora resulting from court congestion | X | X |
| Local interest in deciding local controversies at home[9] | X | X |
| Public policies of the fora[10] | X | X |

With respect to court congestion, the U.S. District Court – Judicial Caseload Profiles of the three possible districts confirm this Court is preferable for this particular securities case.[11] Indeed, according to a recent NERA Economic Consulting study on securities class actions, a trial in this complex securities fraud case would likely be more than four years away:

---

[8] Defendants have "not sufficiently identified witnesses for this Court to determine whether delays would be caused by litigating the case in New Jersey." *Astor*, 2017 WL 2364197, at *5. Regardless, because this Court and the Brooklyn court are in close proximity – roughly 16 miles apart – it is not credible to contend this Court is inconvenient. Because defendants have "the burden in this motion, the Court [should] find[] this factor weighs in favor of denying the Motion to Transfer." *Id.*

[9] Defendants concede this factor is irrelevant. *See* Dkt. Entry 25-1 at 18 n.5.

[10] Defendants concede this factor is irrelevant. *See id.*

[11] *See* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2017.pdf (last visited Nov. 2, 2017).



See Declaration of James E. Cecchi, Esq. ("Cecchi Decl."), Ex.A.  A comparison of this Court to the Brooklyn court (and even SDNY) at that juncture in time confirms that this Court is a far more preferable venue:

|  | *DNJ* | *EDNY* | *SDNY* |
|---|---|---|---|
| Number and % of Civil Cases Over 3 Years Old | 663 5.9% | 1,942 18.9% | 2,265 18.8% |

*See* Cecchi Decl, Ex. B.

A review of all the relevant factors boils down to this: "whether the *additional* amount of travel required to reach the courthouse in [Newark] – at most, an additional [14] miles for several key witnesses – constitutes the sort of significant inconvenience that would tip the balance in favor of transfer." *Ward v. Stewart*, 133 F. Supp. 3d 455, 464-65 (N.D.N.Y. 2015).  It does not.

Because none of the factors weigh in favor of transfer, defendants' motion should be denied.

### C. If the Court Transfers the Case, It Should Decide the Earlier-Filed Lead Plaintiff Motions Before Transferring the Case

The PSLRA requires that "*[n]ot later than 90 days* after the date on which a notice is published . . . , the court *shall* consider any motion made by a purported class member in response to the notice, . . . and *shall* appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA's use of the word "shall," twice, "indicates an intent to impose discretionless obligations." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 400 (2008); BLACK'S LAW DICTIONARY (6th ed. 1990) (providing that "shall" in "ordinary usage means 'must' and is inconsistent with a concept of discretion").

Because the PSLRA notice was issued on August 17, 2017 in this case, the Court "shall" consider the lead plaintiff motions by November 15, 2017 and "shall" appoint a lead plaintiff.[12] *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1070 (C.D. Cal. 1999) ("Given the Act's mandatory language that the district court 'shall appoint [a] lead plaintiff' either within ninety days or as soon as practicable when a motion to consolidate is pending, the Court holds that it must appoint a lead

---

[12] The return date for both motions is November 20, 2017.

- 11 -

plaintiff at this juncture in the suit."); *Netsky v. Capstead Mortg. Corp.*, 2000 WL 964935, at *13 n.7 (N.D. Tex. July 12, 2000) (recognizing that the "PSLRA imposes strict time requirements to ensure that the lead plaintiff is appointed at the earliest possible time, and to expedite the lead plaintiff process"); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818-19 (N.D. Ohio 1999) (recognizing that the "obvious intent of these provisions is to ensure that the lead plaintiff is appointed at the earliest possible time, and to expedite the lead plaintiff process").

Thus, to comply with the PSLRA, the Court should appoint a lead plaintiff ***before*** deciding whether to transfer the case.[13] This is particularly so considering that defendants' motion to transfer was filed after the lead plaintiff motion was filed.

## III.  CONCLUSION

For the foregoing reasons, defendants have not carried their burden in demonstrating this case should be transferred. Consequently, Plaintiff respectfully requests that this Court deny Defendants' motion to transfer.

DATED:  November 6, 2017            CARELLA, BYRNE, CECCHI, OLSTEIN,
　　　　　　　　　　　　　　　　　　　BRODY & AGNELLO, P.C.

　　　　　　　　　　　　　　　　　　　　*s/ James E. Cecchi*
　　　　　　　　　　　　　　　　　　　JAMES E. CECCHI

---

[13]  Contrary to defendants' contention, district courts often appoint a lead plaintiff while multiple actions are pending in different districts. *See, e.g.*, Cecchi Decl., Exs. C-D (orders appointing lead plaintiff in two jurisdictions, before transfer and before consolidation).

5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
JCecchi@carellabyrne.com

Attorneys for Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS WILENS
SABRINA E. TIRABASSI
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
dwilens@rgrdlaw.com
stirabassi@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

HOLZER & HOLZER, LLC
COREY D. HOLZER
MARSHALL DEES
1200 Ashwood Parkway, Suite 410
Atlanta, GA  30338
Telephone:  770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com
mdees@holzerlaw.com

Additional Counsel for Plaintiff

- 14 -